**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| MADELUX INTERNATIONAL, INC.,<br><br>                         Plaintiff,<br>   v.<br><br>EXPRESS BUILDERS SUPPLIES, INC.<br>A/K/A EXPRESS SUPPLY,<br><br>                        Defendant. | 1:08-cv-25 |

**TO:**    Ellen G. Donovan, Esq.
          Natalie Nelson Tang How, Esq.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER came before the Court for bench trial on March 22, 2010. Ellen G. Donovan, Esq., represented Plaintiff. Natalie Nelson Tang How, Esq., appeared on behalf of Defendant.

Having considered the evidence and arguments of counsel, the Court makes the following findings of fact and conclusions of law in accordance with Fed. R. Civ. P. 52(a).

**Findings of Fact**

    1.    Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan.

*Madelux Int'l, Inc. v. Express Builders Supply, Inc.*
1:08-cv-25
Findings of Fact and Conclusions of Law
Page 2

2. Defendant is a corporation organized and existing under the laws of the United States Virgin Islands, with its principal place of business in the United States Virgin Islands.

3. Plaintiff and Defendant had an ongoing business relationship. Testimony of Tomas Revai.

4. Defendant ordered from Plaintiff various items of lumber in 2006, as evidenced by the invoices introduced into evidence by Plaintiff at Exhibits 1 and 2.[1]

5. Plaintiff sold and delivered merchandise to Defendant in the following amounts:

| | | |
|---|---|---|
| Exhibit 1-A: | May 17, 2006 | $204,778.30 |
| Exhibit 1-B: | January 31, 2006 | $3,591.00 |
| Exhibit 1-C: | March 28, 2006 | $24,988.50 |
| Exhibit 1-D: | April 12, 2006 | $27,149.00 |
| Exhibit 2-A: | May 8, 2006 | $6,290.00 |
| Exhibit 2-B: | January 27, 2006 | $16,656.50 |

---

[1] Exhibit 1 consists of four (4) separate invoices issued by WoodMarket, a division of Plaintiff. Exhibit 2 consists of four (4) separate invoices issued by Plaintiff, Madelux International, Inc.

*Madelux Int'l, Inc. v. Express Builders Supply, Inc.*
1:08-cv-25
Findings of Fact and Conclusions of Law
Page 3

    Exhibit 2-C: January 31, 2006   $19, 578.40

    Exhibit 2-D: January 31, 2006   $9,533.70

6. As evidenced by the said invoices, the terms of the contract were net thirty (30) days, with interest of 1½% monthly on any unpaid balances past the first thirty (30) days. Exhibits 1 and 2.

7. Defendant made partial payments, but never paid the entire balance due and owing on all the invoices at issue. Testimony of Tomas Revai.[2]

8. On or about April 24, 2007, Plaintiff and Defendant entered into a "payment agreement," wherein Plaintiff and Defendant agreed that the total amount due and owing Plaintiff was $332,612.00. Exhibit 3.

9. The new agreement set forth a payment schedule of $12,500.00 bi-weekly, with no provision for interest. Exhibit 3.

10. Defendant made a "couple" of payments pursuant to the new agreement and then stopped. Testimony of Tomas Revai. Based upon this representation, the Court finds that Defendant made two (2) payments of $12,500.00 for the total amount of $25,000.00, pursuant to the April 24, 2007, agreement.

---

[2] The Court is unable to make any finding regarding the amount of payments made because Plaintiff failed to introduce any evidence with regard to the amounts.

*Madelux Int'l, Inc. v. Express Builders Supply, Inc.*
1:08-cv-25
Findings of Fact and Conclusions of Law
Page 4

**Conclusions of Law**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. Plaintiff delivered goods to Defendant during the period of January through May 2006 valued at $312,565.40, as evidenced by the invoices introduced by Plaintiff and marked as Plaintiff's Exhibits 1 and 2. Despite Defendant's attempt to argue that the goods were nonconforming and that Defendant attempted to reject or revoke acceptance, Defendant failed to present any evidence of nonconformance. Nor did Defendant present any evidence sufficient to constitute rejection or revocation of acceptance. V.I. Code Ann. tit. 11A §§ 2-602, 2-608. Consequently, the Court finds that Defendant accepted the goods and was obligated to pay according to the terms of the contract, including the interest as set forth in the invoices. V.I. Code Ann. tit. 11A §§ 2-301, 2-607(1).

3. The Court finds that the "Payment Agreement" (Exhibit 3), executed by the parties on April 24, 2007, constitutes a substituted contract. *Restatement (Second) of Contracts* § 279. Therefore, any claim for interest pursuant to the original contract(s) has been extinguished, and the total amount of the debt owed is $332,612.00, less the amount of the two (2) payments of $12,500.00.

*Madelux Int'l, Inc. v. Express Builders Supply, Inc.*
1:08-cv-25
Findings of Fact and Conclusions of Law
Page 5

4.  The Court concludes that Plaintiff is entitled to recover the amount of $307,612.00 in damages from Defendant.

5.  Plaintiff is entitled to costs pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiff may move for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2).

6.  Defendant presented insufficient evidence to prove any if its counterclaims. Accordingly, Defendant's counterclaims are dismissed.

ENTER:

Dated: April 12, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE